IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:10cr80WJG-RHW-1

ERNEST EDWARD BURNS

O R D E R

THIS MATTER is before the Court on the motion [22] *in limine* filed by Defendant Ernest Edward Burns for a determination whether the Fair Sentencing Act of 2010 [Act], Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) should be applied to his pending case scheduled for sentencing.

Defendant was charged in a three-count Indictment for the possession with intent to distribute crack cocaine on three separate occasions, all of which occurred prior to the passage of the Act, which increased the threshold amounts of cocaine base required to trigger mandatory minimum sentences.  On April 4, 2011, Defendant entered into an agreement and pleaded guilty to Count 1 of the Indictment filed in this case, which charged Defendant with possession with intent to distribute in excess of 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Ct. R., Docs. 23, 24.)

Defendant argues that the Act should be applied as it expressly states in its preamble that its purpose is to "restore fairness to Federal cocaine sentencing."  (Ct. R., Doc. 22, p. 5.)  Under the Fair Sentencing Act, the threshold amount of cocaine base triggering the mandatory 5-year

minimum is now 28 grams. Application of the Act to Burn's case would result in a statutory maximum penalty of 20 years with no mandatory minimum.

The United States' position is to apply the Act to Defendant would grant him a windfall because of timing, and that such windfalls based solely on fortuity of timing are unwarranted and should not be applied. (Ct. R., Doc. 29, p. 1.)

Congress stated that its goal with the Act is to restore fairness to Federal cocaine sentencing. Although The Fifth Circuit has not yet addressed whether the Act applies to cases pending at the time of its enactment, district courts have ruled that it should apply to cases that are pending and have not reached sentencing. "The explicit congressional grant of emergency guideline amendment authority and the mandate of 'consistency' and 'conforming' amendments, coupled with the express language of the Sentencing Reform Act of 1984 (that the Guidelines in effect on the day of sentencing control irrespective of when offense conduct occurred), unmistakably demonstrate Congress's urgency and expectation of immediate change." *United States v. Douglas*, 2010 WL 4260221 (D. Me.).

This Court finds that application of the Act to Defendant's case is consistent with Congress' intent in adopting the Act, and to not do so would fly in the face of Congress' purpose of restoring fairness to cocaine sentencing. It is, therefore,

ORDERED AND ADJUDGED that Defendant's motion [22] *in limine* to apply the Fair Sentencing Act of 2010 be, and is hereby, granted in accordance with Congress' intent in adopting the Act.

SO ORDERED AND ADJUDGED, this the 13th day of June, 2011.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE